**E-FILED on**   8/28/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTIONE SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>RICHARD KIRKLAND, Warden,<br><br>    Respondent. | No. C-05-05168 RMW<br><br>ORDER GRANTING LEAVE TO FILE *PRO SE* BRIEF; ORDER GRANTING TEMPORARY STAY OF PROCEEDINGS<br><br>**[Re Docket Nos. 6, 9]** |

      Antione Smith, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 13, 2005.  Petitioner subsequently submitted a request to file *pro se* a supplemental brief or amended habeas petition to state an additional claim for habeas relief.  Petitioner's subsequent request also asks the court to stay this action so that petitioner can exhaust his additional claim.  For the reasons set forth below, the court grants petitioner's request for leave to file his *pro se* brief and grants his motion for a temporary stay of proceedings.

ORDER GRANTING LEAVE TO FILE PRO SE BRIEF; ORDER GRANTING TEMPORARY STAY OF PROCEEDINGS—No. C-05-05168 RMW
MAG

## I. BACKGROUND

Petitioner was convicted of first-degree murder in the Alameda Superior Court, and his conviction was affirmed by the Court of Appeal. *See People v. Smith*, A102068 (Cal. App. Jul. 8, 2004). Smith reports that the California Supreme Court denied petition for review.

Petitioner admitted to shooting the victim. The question before the jury was his *mens rea* at the time he shot the victim. His initial habeas petition asserts that his rights under the Due Process Clause were violated by the trial court's exclusion as hearsay of witness testimony that would have demonstrated that petitioner lacked the requisite intent to commit first-degree murder. Petitioner's motion for leave to file a *pro se* brief asserts that petitioner has received ineffective assistance from his current attorney, who has failed to raise additional grounds for habeas relief that petitioner believes would be meritorious.[1] Thus, petitioner seeks to file a supplemental brief or amended habeas petition to state his new claims, but, recognizing that these claims have not yet been exhausted, asks the court to stay the proceedings so that he may raise these issues before the state courts.

## II. ANALYSIS

### A. Motion for Leave to File *Pro Se* Amendment

The court will permit petitioner to submit an amendment to his original habeas petition. It appears that he has asked his attorney to raise additional issues, but his attorney has failed to respond to petitioner's request. Accordingly, petitioner may file an amendment to his originally-filed habeas petition within 30 days of receiving this order. If petitioner chooses not to file a separate amendment within 30 days, the court will consider the arguments raised in Petitioner's Motion for Leave to File *Pro Se* Supplemental Brief or Amended Habeas, Docket No. 6, to be an amendment to the original habeas petition.

### B. Motion to Stay Proceedings

Between the originally-filed habeas petition and the amendment to the habeas petition that petitioner has been granted leave to file, the pending petition before this court raises (or, once

---

[1] Petitioner must clarify whether he will be represented by counsel or be substituting in pro se for counsel. The court cannot deal with counsel on some matters and petitioner pro se on others.

ORDER GRANTING LEAVE TO FILE PRO SE BRIEF; ORDER GRANTING TEMPORARY STAY OF PROCEEDINGS—No. C-05-05168 RMW
MAG                                                      2

1 amended, will raise) two issues: (1) whether the exclusion of witness testimony resulted in a Due
2 Process violation, and (2) whether the court improperly instructed the jury on the murder charges
3 against petitioner.  It appears that petitioner's first claim has been exhausted through appeal, but
4 petitioner appears to acknowledge that his second claim has not yet been exhausted.  Petitioner has
5 submitted a habeas petition to the California Supreme Court raising the additional claims that he
6 asserts his attorney has not raised before this court.

7      District courts have the authority to stay a mixed habeas petition with exhausted and
8 unexhausted claims and hold it in abeyance pending the exhaustion of the unexhausted claims.
9 *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  That discretion is not unfettered, but, as the Supreme
10 Court has stated, "it likely would be an abuse of discretion for a district court to deny a stay and to
11 dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted
12 claims are potentially meritorious, and there is no indication that the petitioner engaged in
13 intentionally dilatory litigation tactics."  *Id.*  Additionally, the Supreme Court has recommended that
14 "[a] prisoner seeking state postconviction relief might avoid [having a court find his petition
15 time-barred] by filing a 'protective' petition in federal court and asking the federal court to stay and
16 abey the federal habeas proceedings until state remedies are exhausted."  *Pace v. DiGuglielmo*, 544
17 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 276).

18      Here, petitioner is asserting ineffective assistance of counsel as a grounds for a state habeas
19 petition after appealing his conviction.  That habeas petition has been fully briefed and awaits
20 decision on the merits by the state court.  There is no reason for the court not to exercise its
21 discretion to stay and abey the present federal habeas proceedings until petitioner's state remedies
22 are exhausted.  Petitioner is in the process of exhausting his additional claim and there is no
23 indication that he has engaged in dilatory litigation tactics.  The court does not opine at this time as
24 to the potential meritoriousness of petitioner's additional claims.

25      Accordingly, the court grants petitioner's request to hold the case in abeyance while he
26 exhausts his claims in state court.  Petitioner shall notify the court when the Supreme Court issues a
27 decision on the habeas petition in which he has asserted his additional claims.  The court will
28

ORDER GRANTING LEAVE TO FILE PRO SE BRIEF; ORDER GRANTING TEMPORARY STAY OF PROCEEDINGS—No. C-05-05168 RMW
MAG      3

thereafter consider whether an order to show cause should issue regarding the petition before this court.

### III. ORDER

For the foregoing reasons:

1. The court gives petitioner leave to file an amendment to his original habeas petition. Petitioner shall file his amendment within 30 days of receiving this order.
2. The court grants petitioner's motion for a temporary stay of proceedings. Petitioner shall inform the court when the California Supreme Court has ruled on his pending habeas petition. Thereafter the court will determine whether an order to show cause should issue.
3. Although it was not necessary to file such a motion, the court grants petitioner's motion for judicial notice that he submitted a motion to stay proceedings.
4. Petitioner must clarify whether he will be represented by counsel or will be representing himself in this case in the future.

DATED: 8/28/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING LEAVE TO FILE PRO SE BRIEF; ORDER GRANTING TEMPORARY STAY OF PROCEEDINGS—No. C-05-05168 RMW
MAG  4

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Petitioner:**

3  Walter K. Pyle          walt@wfkplaw.com

5  **Petitioner**
Antoine Smith T-88061
6  P.O. Box 7500
7  Pelican Bay State Prison
Crescent City, CA 95532

9  **Counsel for Respondent:**

10 No appearance

13 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

17 **Dated:**     8/28/07              /s/ MAG
                                    **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER GRANTING LEAVE TO FILE PRO SE BRIEF; ORDER GRANTING TEMPORARY STAY OF PROCEEDINGS—No. C-05-05168 RMW
MAG                                             5