**E-FILED on** 2/11/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE SMITH, | No. C-05-05168 RMW |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| RICHARD KIRKLAND, Warden, | |
| Respondent. | |

Petitioner a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**I. BACKGROUND**

Petitioner was convicted of first-degree murder in the Alameda Superior Court, and sentenced to sixty-five years and eight months to life in prison. Petitioner admitted to shooting the victim. The question before the jury was his *mens rea* at the time he shot the victim. Petitioner's conviction was affirmed by the Court of Appeal. *See People v. Smith*, A102068 (Cal. App. Jul. 8, 2004). His state habeas petition asserts that his rights under the Due Process Clause were violated by the trial court's exclusion of hearsay witness testimony that would have demonstrated that petitioner lacked the requisite intent to commit first-degree murder. The California Supreme Court denied his petition for review. The instant petition for habeas corpus was filed in this court on

ORDER TO SHOW CAUSE—No. C-05 05168 RMW
AKT

December 13, 2005.

## II. ANALYSIS

### A.     Standard of Review

This court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.     Petitioner's Claims

Petitioner asserts a violation of his due process rights under the Fourteenth Amendment as grounds for his federal habeas petition. Petitioner has exhausted his claims in state court. Petitioner argues that his case must be considered in light of *Holmes v. South Carolina*, 547 U.S. 319 (2006). The pending petition before this court raises the issue of whether the exclusion of hearsay witness testimony resulted in a due process violation. He has paid the $5.00 filing fee. It does not appear from the face of the petition that it is without merit.

## III. ORDER

Good cause appearing, the court hereby issues the following orders:

1.     The Clerk of the Court shall serve a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner at his current address.

2.     Respondent shall file with this court and serve upon petitioner, within ninety (90) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.     If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty (30) days after the date petitioner is served with respondent's answer.

ORDER TO SHOW CAUSE—No. C-05 05168 RMW
AKT                                                                    2

4.       Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within ninety (90) days of the date this order is filed.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

5.       It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)..

6.       Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten (10) days prior to the deadline sought to be extended.  IT IS SO ORDERED

Dated:      2/9/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Petitioner:**
Antoine Smith T-88061
Corcoran State Prison
3A05-149U
P.O. Box 3461
Corcoran, CA 93212-3461

**Counsel for Petitioner:**
Walter Pyle                        walt@wfkplaw.com

**Counsel for Respondent:**
(No appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

ORDER TO SHOW CAUSE—No. C-05 05168 RMW
AKT                                         4